**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DANIEL PERKINS** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 1:23-cv-05159** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **DICK'S SPORTING GOODS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | **Jury Trial Demanded** |
| | ) | |

## COMPLAINT

**NOW COMES** Plaintiff, Daniel Perkins ("Plaintiff"), by and through the undersigned

counsel, hereby filing this Complaint against Dick's Sporting Goods, Inc. ("Defendant"), and in

support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1.    This lawsuit arises under the Americans with Disabilities Act of 1990, as amended,

("ADA") and Illinois Human Rights Act (775 ILCS 5/) ("IHRA") seeking redress for Defendant's

discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's

disability, and Defendant's retaliation against Plaintiff for engaging in a protected activity under

the ADA.

## JURISDICTION AND VENUE

2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.  This action

is authorized and instituted pursuant to 42 U.S.C. §12101 *et seq*.

3.    Venue of this action properly lies in the Northern District of Illinois, Eastern

Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in

this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4.      All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*. have occurred or been complied with.

5.      A charge of employment discrimination on basis of disability was filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights (attached hereto as Exhibit "A").

6.      Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7.      At all times material to the allegations of this Complaint, Plaintiff, Daniel Perkins, resided in Cook County in the State of Illinois.

8.      At all times material to the allegations in this Complaint, Defendant, Dick's Sporting Goods, Inc. was a corporation doing business in and for Cook County whose address is 401 E. Palatine Road, Arlington Heights, IL 60004.

9.      Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. §12111(4).

10.     During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. §12111(5)(A).

## BACKGROUND FACTS

11.     Plaintiff worked for Defendant as a cashier from October 1, 2022.

12.     As a cashier, Plaintiff's duties included, but were not limited to, the following:

- Ringing up sales;
- Bagging purchased items;
- Collecting and handling payment; and
- Providing excellent customer service.

13.     Plaintiff is disabled as a result of having diabetes.

14.     Plaintiff's diabetes causes him to experience low blood sugar, become easily fatigued, bowel and urinary tract issues, and be at risk of developing air-borne illnesses because of a weakened immune system.

15.     As such, Plaintiff's disability affect major life activities such as what he eats, his energy levels, his sleep, and his ability to care for himself.

16.     Plaintiff's disability also requires him to change his insulin pump at 12:00 p.m. daily.

17.     Regardless of Plaintiff's disability, he is able to perform the essential functions of his job with or without accommodation.

18.     Plaintiff is a "qualified individual" as defined under the ADA.

19.     Plaintiff disclosed his disability to Defendant's store manager, Sandra (LNU, non-disabled) upon his hire, on or around October 1, 2022.

20.     This is evidenced by Plaintiff's request that his shifts be from 8 a.m.-12 p.m. in order to care for his disability and initially only working three days a week as a result of disability-related fatigue.

21.     This constituted protected activity by virtue of a reasonable request for accommodation.

22.     Upon information and belief, Manager Sandra approved Plaintiff's schedule and assured his disability would not pose an issue.

23.     On or around October 15, 2022, Manager Sandra began to make changes to Plaintiff's schedule.

24.     Manager Sandra began to schedule Plaintiff past 12 p.m.

25.     Plaintiff was confused by this sudden shift in scheduling, and brought it to the attention of Manager Sandra, reminding her of their October 1, 2022 discussion of his hour limitations.

26.     Manager Sandra became irate and responded, "There are no agreements! If you want hours, you have to work later."

27.     Plaintiff was shocked by Manager Sandra's sudden outburst and immediately felt as though his disability-related concerns were not being taken seriously.

28.     Plaintiff continued to be schedule past 12 p.m., with some shifts requiring him to stay past 2:45 p.m.

29.     Plaintiff constantly pleaded with Defendant to honor their initial accommodation of his disability, but Defendant persisted in failing to engage in the interactive process to determine the appropriate accommodation for Plaintiff's disability.

30.     Defendant, by consistently scheduling Plaintiff past the time he was required to change his insulin pump, failed to accommodate his disability and put his health at risk.

31.     Eventually, Defendant grew tired of Plaintiff's constant pleading to be accommodated and removed him from his normal schedule completely on or around December 1, 2022.

4

32.     In fact, between December 1, 2022 and February 28, 2023, Plaintiff was put on the schedule only three times.

33.     On or around March 7, 2023, frustrated and confused by Defendant's disability-based actions, Plaintiff called Manager Sandra about why he was being scheduled so little.

34.     Manager Sandra responded to Plaintiff, "You have to open your availability" and asked, "Are you going to resign?"

35.     Plaintiff responded that he was not going to resign and that he was capable of working.

36.     This was a clear attempt by Defendant to push Plaintiff to resignation so that they could avoid their responsibilities to accommodate him under the ADA.

37.     In March 2023, Plaintiff filed a charge of discrimination with the EEOC.

38.     In or around May 2023, in an attempt to cover their tracks, Defendant emailed Plaintiff asking him to provide documentation of his disability and put in writing that they had just learned of Plaintiff's disability.

39.     Upon information and belief, Plaintiff complied with their requests and provided the required medical documentation.

40.     In or around June 2023, Defendant contacted Plaintiff again and informed him that he was schedule for only three days out of the entire month of June, despite the fact that his availability is 25 hours a week for six days a week.

41.     Defendant is effectively keeping Plaintiff's hours at a minimum in retaliation for requesting accommodations and for exercising his protected rights in filing a charge with the EEOC.

42.     The purported justification for the above conduct is unlawful discrimination on the basis of disability or because Defendant perceived Plaintiff as disabled.

## COUNT I
### Violation of the Americans with Disabilities Act
### (Disability-Based Discrimination)

43.     Plaintiff repeats and re-alleges paragraphs 1-42 as if fully stated herein.

44.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

45.     Plaintiff met or exceeded performance expectations.

46.     Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

47.     Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

48.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

49.     Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

50.     Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

51.     As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of the Americans with Disabilities Act
### (Failure to Accommodate)

52.     Plaintiff repeats and re-alleges paragraphs 1-42 as if fully stated herein.

53.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq*.

54.     Plaintiff is a qualified individual with a disability.

55.     Defendant was aware of the disability and the need for accommodations.

56.     Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

57.     Plaintiff's reasonable accommodations that was requested was not an undue burden on Defendant.

58.     Defendant did not accommodate Plaintiff's disability.

59.     Plaintiff is a member of a protected class under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq*., due to Plaintiff's disability.

60.     Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

61.     As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of the Americans with Disabilities Act
### (Retaliation)

62.     Plaintiff repeats and re-alleges paragraphs 1-42 as if fully stated herein.

7

63.     Plaintiff is a member of a protected class under 42 U.S.C. §12101, *et seq.*

64.     During Plaintiff's employment with Defendant, Plaintiff request reasonable accommodations and filed a charge of disability-based discrimination.

65.     As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

66.     In response to Plaintiff's EEOC complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of disability-based harassment or discrimination.

67.     Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory or harassing conduct complained of by Plaintiff.

68.     Defendant has also reduced Plaintiff's hours significantly in retaliation for requesting accommodations and exercising his protected rights.

69.     By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff engaging in the above-described protected activity, thereby violating the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

70.     Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

71.     Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

72.     As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## **RELIEF REQUESTED**

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court find in

Plaintiff's favor and against Defendant as follows:

a. Back pay with interest;

b. Payment of interest on all back pay recoverable;

c. Front pay;

d. Loss of benefits;

e. Compensatory and punitive damages;

f. Reasonable attorneys' fees and costs;

g. Award pre-judgment interest if applicable; and

h. Award Plaintiff any and all other such relief as the Court deems just and

proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 4th day of August, 2023.

*/s/ Alexander J. Taylor*
**ALEXANDER J. TAYLOR, ESQ.**
*Counsel for Plaintiff*
**SULAIMAN LAW GROUP, LTD**
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (331) 272-1942
Facsimile: (630) 575-8188
Email: ataylor@sulaimanlaw.com

9